UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CLIFFORD LEA,

                      Plaintiff,

v.

GABRIELLE CASEY, THE ATTIC HOUSE,
BAO NGUYEN, THE HENNEPIN COUNTY
ADULT PROBATION, THE MINNESOTA
DEPARTMENT OF CORRECTIONS, JOHN
GROVE, THE MINNESOTA POLICE
DEPARTMENT, THE STATE OF
MINNESOTA, and ANDREW REILAND,
*Public Defender*,

                      Defendants.

Civil No. 24-4276 (JRT/ECW)

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION

---

Clifford Lea, OID #229142 MCF Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se* Plaintiff.

Plaintiff Clifford Lea brings this action under 42 U.S.C. § 1983 against several Defendants for alleged civil rights violations related to his first-degree criminal sexual conduct state conviction. Lea seeks to proceed *in forma pauperis* ("IFP"). Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") recommending that the Court dismiss Lea's Complaint for lack of jurisdiction and failure to state a claim and deny the IFP application as moot. Lea timely objected. Because the Court finds that the claims in the Complaint fail either for lack of jurisdiction or failure to

state a claim, the Court will overrule Lea's objection, adopt the R&R, dismiss the Complaint, and deny Lea's IFP application as moot.

## BACKGROUND

Lea does not object to the factual and procedural history provided in the R&R. The Court will therefore adopt the background in full and merely explain the case history relevant to Lea's objection to the R&R.

In August 2019, a jury convicted Lea of first-degree criminal sexual conduct. (R. & R. at 1–2, Dec. 30, 2024, Docket No. 5.) Lea was sentenced to 300 months of imprisonment, followed by 10 years of conditional release. (*Id.* at 2.) Lea's efforts to appeal the conviction and seek postconviction relief have been unsuccessful. (*Id.*) He is currently incarcerated at the Stillwater Minnesota Correctional Facility in Bayport, Minnesota. (Compl. at 10, Nov. 25, 2024, Docket No. 1.)

Lea brings this action against various entities, including the State of Minnesota, the Minnesota Department of Corrections ("MDOC"), the Hennepin County probation office, and the Minnesota Police Department ("MPD").[1] (Compl. at 2.) He also brings claims against individuals, including a probation officer, an MPD officer, and his previous public defender. (*Id.* at 2, 6–9.) Finally, Lea brings claims against the "Attic House," which the Magistrate Judge determined likely refers to Attic Correctional Services, Inc., a nonprofit

---

[1] At times, Lea refers to the "Minnesota Police Department" and the "Minneapolis Police Department" in his Complaint, which the Court assumes is the same entity.

that helps reintegrate criminal offenders into the community, and Gabrielle Casey, who the Complaint identifies as an employee of the Attic House. (*Id.* at 7, 9; R. & R. at 2.)

The Complaint appears to stem from an alleged incident in 2018 of an improper relationship between Lea and an Attic House employee, which served as the basis of his 2019 conviction. (Compl. at 3; R. & R. at 3.) Lea alleges that when Casey learned of the improper relationship, she immediately terminated Lea from the program and notified his probation officer of the violation, as Lea had been on probation from a separate conviction. (Compl. at 3; R. & R. at 3.) Lea alleges that he was discriminated against based on his race and gender when Casey immediately blamed him for the sexual incident instead of the female employee, and that he was unfairly arrested for his probation violation. (Compl. at 3, 6–7.) He further alleges that key evidence about the case, including video footage and phone records, were withheld from him by both the police and his public defender. (*Id.* at 3, 7.) Lee seeks $67.5 million in damages and an order compelling his public defender to provide him with the allegedly exculpatory evidence. (*Id.* at 10.)

Lea filed an IFP application to proceed without prepaying court costs and fees. (IFP Appl., Nov. 25, 2024, Docket No. 2.) The Magistrate Judge recommended that the Court dismiss the Complaint and deny the IFP application as moot because the State of Minnesota and MDOC are immune from suit under sovereign immunity and the

-3-

Complaint failed to state a claim against the remaining defendants. (R. & R. at 6.) Lea timely objected to the R&R. (Obj. to R. & R., Jan. 17, 2025, Docket No. 6.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Because Lea filed substantive objections, the Court will review the R&R de novo.

Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff requests to proceed IFP, the court shall dismiss the case at any time if the court determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### II. ANALYSIS

The Magistrate Judge recommended dismissing this action for lack of jurisdiction to the extent that it brings claims against the State of Minnesota and MDOC because such claims are barred by sovereign immunity. The Magistrate Judge also recommended dismissing this action for failure to state a claim under the "favorable-termination

requirement" established in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court will analyze each issue in turn.

### A.      Sovereign Immunity

The claims against the State of Minnesota and MDOC are barred by sovereign immunity.  Under principles of the Eleventh Amendment to the U.S. Constitution, sovereign immunity prevents federal courts from exercising jurisdiction over actions brought by citizens against a state unless the state has consented to the action or there has been a valid abrogation of the immunity by Congress.  *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991); *see also* U.S. Const. amend. XI.  This immunity applies to states and state agencies.  *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).  MDOC is an agency of the State of Minnesota.  Minn. Stat. § 241.01.

There is no indication that the State of Minnesota or MDOC consented to this action.  And Congress declined to abrogate the states' sovereign immunity when enacting 42 U.S.C. § 1983.  *Beene*, 948 F.2d at 493; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989).  Accordingly, the claims against the State of Minnesota and MDOC must be dismissed with prejudice for lack of jurisdiction because such claims are barred by sovereign immunity.[2]

---

[2] In his objection to the R&R, Lea requests leave to amend his Complaint to replace the State of Minnesota with the City of Minneapolis as a defendant.  While a municipality can be liable under § 1983, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The Complaint does not suggest that the City's official

### B. The *Heck* Doctrine

Lea's remaining claims are barred under the "favorable-termination requirement" established in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the Supreme Court considered whether a state prisoner may challenge the constitutionality of his conviction in a 42 U.S.C. § 1983 action. 512 U.S. at 478. After determining that § 1983 damages actions that "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are "not appropriate," the Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. Under the rule established in *Heck*, the district court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If yes, then the district court must dismiss the complaint absent any demonstration that the conviction or sentence has been invalidated. *Id.*

---

policy caused Lea's alleged constitutional violation, but instead alleges a conspiracy between the Defendants to have him terminated from the Attic House program. Thus, Lea's claims against the City of Minneapolis would likely fail to state a claim.

Lea's claims are barred by the *Heck* doctrine. Lea objects to the suggestion that he challenges his conviction and claims instead that he is seeking separate, monetary justice for the alleged discrimination based on race and gender that led to his arrest and subsequent conviction. But because Lea's argument is that he was improperly blamed for the sexual conduct underlying his conviction because of his race and gender, any success of his claims would call into question the basis upon which his conviction lies. The fact that Lea only seeks monetary damages is of no moment. Therefore, in the absence of any indication that Lea's conviction has been invalidated, the Complaint must be dismissed.[3] *See Jones v. Egelhof*, No. 15-2679, 2016 WL 1248676, at *2 (D. Minn. Mar. 29, 2016) (finding that *Heck* barred plaintiff's claims alleging that the investigators, prosecutors, and sentencing judge in his criminal case conspired to violate his civil rights).

**CONCLUSION**

Because the claims against the State of Minnesota and MDOC are barred by sovereign immunity, the Court will dismiss such claims with prejudice for lack of jurisdiction. Because the remaining claims are barred by the *Heck* doctrine, the Court will

---

[3] Even if *Heck* does not apply to Lea's request for relief against his public defender, Defendant Reiland, this claim still must be dismissed for failure to state a claim. A public defender does not act "under color of state law" and thus cannot be sued under § 1983 "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," including when representing indigent clients. *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981).

dismiss those claims without prejudice for failure to state a claim.[4]  Because the Court is dismissing Lea's Complaint, it will deny the IFP application as moot.

The Court will overrule Lea's objection, adopt the R&R, dismiss the Complaint, and deny the IFP application as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 6] is **OVERRULED**.

2. The Report and Recommendation [Docket No. 5] is **ADOPTED**.

3. The Complaint [Docket No. 1] is **DISMISSED** as follows:

    a. The claims against the State of Minnesota and Minnesota Department of Corrections are **DISMISSED with prejudice** for lack of jurisdiction.

    b. The remaining claims are **DISMISSED without prejudice** for failure to state a claim.

4. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 2] is **DENIED as moot**.

---

[4] Dismissal without prejudice means that Lea could fix any deficiencies in his Complaint and refile without permission from the Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 3, 2025
at Minneapolis, Minnesota.

                                      JOHN R. TUNHEIM
                                  United States District Judge